No. 4484.

(Court of Appeal, Parish of Orleans.)

## JOHN F. LINDNER VS. FRANK NEWFIELD.

1. One who agreed to purchase real estate cannot be forced to accept a title which is not unquestionably good, and which is suggestive of litigation, the less so where the parties who may have rights are not parties to the suit, and would not be concluded by a judgment adverse to their ostensible or contingent rights.

2. A vendor is not in a position to obtain a judgment decreeing specific performance when he cannot deliver possession of the property.

Appeal from Civil District Court, Division C.

Theo. Cotonio, for Plaintiff and Appellant.

F. J. Dreyfous, for Defendant and Appellee.

MOORE, J.   This was a suit to compel specific performance of a contract of promise of sale.

The answer denies, for a number of assigned reasons, that plaintiff can tender a valid title; avers that the title is now involved in litigation and that plaintiff is not now and has never been in actual possession of the property, but that another has been and is; and that, therefore, plaintiff is unable to deliver the property.

There was judgment rejecting plaintiff's demand, and he appeals.

Plaintiff acquired the property at a tax sale.   It was sold for State taxes due for the year 1901, under an assessment in the name of Mrs. Joseph Pompai, on the 8th of September, 1892; and the purchaser's title was subsequently confirmed by judgment of Court.   The purchaser, however, never executed his judgment, and never went into actual possession of the property. It has remained and still remains in the actual possession of one Ringe, who claims possession under the title of owner.   The property seems to have been, since its sale for taxes in 1892, fruitful of litigation.   Not only have suits been instituted by others, setting up title to the property, but the plaintiff himself has inaugurated' proceedings, which, if they do not at least cast a shadow on the title, are provocative of future litigation.

281

There were three suits pending at the time the instant suit was instituted, which involved the question of title, and one of them, instituted by the Public Administrator, and in which a title superior to Lindner's is alleged, is now pending and undecided. And, finally, the property is in the actual possession of another, who claims it as owner, and who declines to surrender it.

Assuming that investigation into the merits of the pending, or even threatened litigation concerning the title to this property would result in our pronouncing them without merit, yet the fact remains that litigation is pending; that litigation is threatened, and that plaintiff cannot deliver possession.

One who has agreed to purchase real estate cannot be forced to accept a title which is not unquestionably good, and which is suggestive of litigation, the less so where the parties who may have rights are not parties to the suit, and would not be concluded by a judgment adverse to their ostensible or contingent rights. Hero vs. Block, 44 A. 1032; Lockhart vs. Smith, 47 A. 121-125; James vs. Meyer, 52 A. 1101; Borden, etc., Co. vs. White (not yet reported), Dec.-May. 25, 1908.

A vendor is not in a position to obtain a judgment decreeing specific performance when he cannot deliver possession of the property. C. C. Art. 2475 et seq.; Wells et al. vs. Compton, 3 Rob. 171; Brown vs. Schmidt, 7 A. 349; Sallerfield vs. Keller, 14 An. 615; Toledano vs. Desbau, 4 R. 330.

We decline to decree that the defendant shall accept the title as tendered.

The judgment appealed from is affirmed.

June 15, 1908.

Rehearing refused June 30, 1908.